IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lance Tidwell, | ) | C/A No.: 3:11-cv-02255-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DISMISSING CASE** |
| | ) | |
| BellSouth Telecommunications, Inc., | ) | |
| d/b/a AT&T Southeast, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter comes before the court on the Motion to Dismiss for Failure to State a Claim filed by Defendant BellSouth Telecommunications, LLC d/b/a AT&T South Carolina ("AT&T"). Having reviewed the parties' briefs and having considered the parties' arguments made at a hearing on the pending motion, this Court grants Defendant's Motion to Dismiss.

      On July 28, 2008, Plaintiff Lance Tidwell, an employee of AT&T was involved in an automobile accident while sitting in a car owned by AT&T. Tidwell suffered significant injuries from the accident, but he was provided worker's compensation benefits from AT&T in the amount of one hundred twenty-two thousand seven hundred fifty dollars ($122,750.00). Tidwell additionally received twenty-five thousand dollars ($25,000.00) from the liability carrier of the at-fault driver in the accident and twenty-five thousand dollars ($25,000.00) from his personal UIM policy. Tidwell filed this declaratory judgment action against AT&T to have its insurance coverage reformed to include underinsured motorist benefits so that he could attempt to recover some damages from the reformed insurance. Tidwell asks the Court to find that "AT&T and other self-insured companies in South Carolina are required to file the mandatory form rejecting underinsured coverage" and that without filing such a form, the self-insured's insurance should be reformed to include underinsured motorist coverage. (ECF No. 1-1). AT&T argues that as a

self-insured it is not required to comply with South Carolina Code Ann. § 38-77-160, which requires "automobile insurance carriers" to offer underinsured motorist coverage to their insured. Furthermore, AT&T draws the Court's attention to its letter of renewal of its self-insurance certificate where AT&T "specifically waive[d] underinsured motorist coverage." (ECF No. 13-1).

The Court agrees with AT&T's position that as a self-insured entity, it is not obligated to offer itself underinsured motorist coverage. South Carolina law requires that "automobile insurance carriers" make a meaningful offer of underinsured motorist coverage to their insureds. *See* S.C. Code Ann. § 38-77-160 (2002); *State Farm Mut. Auto. Ins. Co. v. Wannamaker*, 291 S.C. 518 (1987). However, because AT&T is not an "automobile insurance carrier," the laws requiring a meaningful offer of underinsured motorist coverage are not applicable to it. Furthermore, the Court agrees with Defendant's assertion that requiring a self-insured to make a meaningful offer of underinsured motorist coverage to itself would produce an absurd result. Finally, even if AT&T was required to make a meaningful offer of underinsured motorist coverage to itself, this Court finds that AT&T's express rejection of underinsured motorist coverage in its renewal application to continue as a self-insurer demonstrates that such an offer was made and rejected by AT&T. (ECF No. 13-1).

For at least the above reasons, this Court finds that the AT&T's insurance should not be reformed to include underinsured motorist coverage. As such, this Court finds that Defendant's Motion to Dismiss for Failure to State a Claim should be granted. Accordingly, this case is dismissed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

October 17, 2011                             Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge