IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lance Tidwell, | ) | C/A No.: 3:11-cv-02255-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BellSouth Telecommunications, Inc. | ) | |
| d/b/a AT&T Southeast, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Plaintiff Lance Tidwell's ("Plaintiff") Motion for Reconsideration. The plaintiff submits that this court "considered, cited to, and relied upon materials submitted by Defendant that were outside the scope of the pleadings, which is a clear error of law." (ECF No. 18, p. 1). After reviewing the plaintiff's motion and the briefs submitted by the parties, this court denies Plaintiff's Motion for Reconsideration.

The plaintiff submits that this court improperly granted the defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the plaintiff contends that the court made a clear error of law because the court considered evidence outside the pleadings and thereby dismissed the complaint pursuant to a Fed. R. Civ. P. 30(b)(6) motion and not a Fed. R. Civ. P. 12(b)(6) motion. The court disagrees with the plaintiff's assertion that the court considered evidence outside of the pleadings. Plaintiff pled that AT&T was a self-insured entity and asked the court to find that as a self-insured entity, AT&T was not exempt from the requirements of § 38-77-160, which requires

"automobile insurance carriers" to offer underinsured motorist coverage to its insureds. After considering the allegations in Plaintiff's complaint, this court found that "because AT&T is not an 'automobile insurance carrier,' the laws requiring a meaningful offer of underinsured motorist coverage are not applicable to it." (ECF No. 16). Additionally, the court found "that requiring a self-insured to make a meaningful offer of underinsured motorist coverage to itself would produce an absurd result." (ECF No. 16). It is on these findings that the court based its decision to grant the defendants' Motion for Summary Judgment. As such, the court did not consider evidence outside the pleadings as alleged by the plaintiff, and the court's decision to grant the defendant's Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) was proper.

Accordingly, the plaintiff's Motion for Reconsideration is denied.

IT IS SO ORDERED.

December 1, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge